SAM KAPLAN and Another, Plaintiffs, *v.* THE TRAVELERS INSURANCE COMPANY, Defendant.

City Court, New York County, December 14, 1933.

*Benjamin Levin* [*Andrew J. Ewald* of counsel], for the plaintiffs.

*William J. Moran* [*Louis P. Galli* of counsel], for the defendant.

KAHN, J.   This is a motion by defendant to dismiss the complaint upon the following grounds: (1) That the court has not jurisdiction of the subject-matter of this action, and (2) that the complaint does not state facts sufficient to constitute a cause of action.

The complaint is predicated upon five policies of workmen's compensation insurance issued by defendant. Five causes of action are alleged. The material allegations in each are the same, and hence all the causes may be considered as one. The theory of

the action, it seems, is that under the classification of risks, as adopted by the Compensation Inspection Rating Board and approved by the Superintendent of Insurance, the risk covered by defendant under its policy was classified as " manufacturing motion picture machines, including repairing (classified as machine shops, excluding foundry) " at a basic premium of $2.93 per $100 of annual wages or remuneration earned by employees of assured; that insurance by the defendant of plaintiffs under such classification was improper in that the classification under which plaintiffs should have been insured was " photographic supplies manufacturing," the annual rate for which was $1.73 per $100 of annual wages or remuneration earned by employees; that, by reason thereof, plaintiffs paid to defendant a premium in excess of what should have been paid had the proper classification been employed. However, the complaint is vague in that there is no specific allegation that the classification under which plaintiffs should have been insured was made by the Superintendent of Insurance or by the defendant. As the primary duty of classification and rate fixation is vested in the Superintendent of Insurance, this court is without power, in the absence of allegation that the classification in the policies of insurance of plaintiffs' business was other than that established by the Superintendent of Insurance, to interfere collaterally with the power vested in said Superintendent. (Insurance Law, §§ 67, 141 and 141-b.)

If it was intended to plead that the defendant insured plaintiffs under a wrong classification, plaintiffs may not recover under the facts shown. Each of the five policies covered a period of one year successively from December 6, 1926, to and including December 6, 1931. Plaintiffs received, accepted, retained and paid for each of said policies without protest until this action was but recently brought. Plaintiffs acquiesced in the classification made by the defendant and for five successive years the plaintiffs ratified and adopted such classification. There is no intimation of fraud. The payments were all made voluntarily. Plaintiffs may not here escape their contracts on the claim, they now urge, of mutual mistake and that said contracts did not contain the agreement of the parties. There is no allegation of mutual mistake, and such equitable relief, by way of reformation of the policies, if there be any, may not be had in this court.

Motion granted and complaint dismissed, with leave to the plaintiffs, if they be so advised, to serve an amended complaint. Order signed.